Tuiiley,- J.
delivered the opinion of the court.
This is a bill filed by the complainants, to review a decree rendered against them, and in favor of the defendants, at the August term, 1836, of the Circuit Court of Perry county.
We are satisfied by an inspection of the testimony and record in that case, that the decree ought not tp be reviewed.
The facts appear to be, that some time in the year 1828, one Samuel Cohorne, an old and ignorant man, residing in the county of Perry, had his fears excited by false information, that a judgment had been rendered against him in East Tennessee, upon which an execution had issued, which would be levied upon his property. This information was, the whole of it, false; there was no judgment, and no execution, unless it were a forged one; the whole thing being a conspiracy against him, in order to extract money from him.
Thus operated upon, he on the 24th day of May, 1828, executed a deed of conveyance for all his property, including ne-groes, stock of various kinds, household and kitchen furniture, &c. to his daughter Mahala Johnson. This deed was voluntary and unsupported by any valuable consideration.
Simultaneous with the execution of this deed, Mahala Johnson executed a bond to Ephraim Cohorne, to Matthias Smith for and in behalf of his wife Polly, Jacob Lander for and in behalf of his wife Delilah, Daniel Cauder for and in behalf of his wife Nancy, James Lambert for and in behalf of his wife Amy; the said Polly, Delilah, Nancy and Amy, being all daughters of *596 Samuel Cohorne, and sisters of the said Mahala Johnson, by ■which she bound herself in the penalty of three thousand dollars, to convey to them at the death of her father, an equal share of the negroes conveyed to her, and their increase.
This bond she delivered to her father. She afterward intermarried with Robert Graham, and they by some means or other induced him to deliver up this bond, and leave the deed of sale absolute upon its face in their possession. ’ After the death of said Samuel Cohorne,, Ephraim Cohorne, his son, and Matthias Smith and wife, Jacob Lander and wife, Daniel Cauder and wife, James Lambert and wife, his sons-in-law and daughters, hied their bill against said Robert Graham and wife, to have this bond set up, and for a division of the negroes in pursuance of its terms, all which was decreed by the court, and it is' this decree which we are now asked to review and reverse.
That Samuel Cohorne was really imposed upon at the time he executed the deed to his daughter, Mahala, is evident; whether she was a party to this imposition or not, it is not material to discuss: we are satisfied that the CQmplainants in the original bill were entitled upon other grounds to the relief they obtained. Samuel Cohorne intended, in executing the conveyance, to secure the interests of all his children in his property, in an equal degree, and, therefore, caused his daughter, Maha-la, to execute the bond to his other children, as is already stated. This bond was delivered to him for their use and benefit, and not for his, for he had retained for himself a life estate in the property bj’’ the deed. The bond having been thus delivered, was as effectual as if it had been delivered to the parties themselves, and Samuel Cohorne had no legal power, to cancel it without their knowledge and consent. It had become a part of the conveyance to his daughter, Mahala, and they both together constituted a conveyance and settlement of his negroes upon all his children at his death, which is supported by thé consideration of love and affection.
But it has been argued, that the conveyance was made to defraud creditors, and that, therefore, the defendants to this bill of review can acquire no right under their father. To this it is ■ easily answered, that there were no creditors; that Samuel Co- *597 home was fraudulently deceived, when he was induced to believe otherwise; and that even if there had been, the division of the negroes was a part of the contract, which must be considered as valid to its whole extent, or invalid to its whole extent. The complainants and defendants both claim under the same instruments, and if they are void as to the one, so they are as to the other.
There is, therefore, no error in the decree, and the bill of review will be dismissed.